UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff(s),   CASE NUMBER: 05-80025
             HONORABLE VICTORIA A. ROBERTS

v.

**D-1 TIMOTHY DENNIS O'REILLY,**

    Defendant(s).
_____/

ORDER GRANTING DEFENDANT'S
MOTION TO APPOINT AUSAs FROM ANOTHER DISTRICT AS FIREWALL

  This matter is before the Court on Timothy O'Reilly's "Motion to Appoint AUSAs From Another District as 'Firewall' in Order to Insure Prosecution's Strict Compliance with FRCP 12.2, and Supporting Brief." (Doc. #378).

  O'Reilly's motion is **GRANTED**.

**II.**  **APPLICABLE LAW AND ANALYSIS**

  Fed. R. Crim. P. 12.2 says:

(b)  If a defendant intends to introduce expert evidence relating to a mental disease or defect . . . of the defendant bearing on . . . the issue of punishment in a capital case, the defendant must – within the time provided for filing a pretrial motion or at any later time the court sets – notify an attorney for the government in writing of this intention and file a copy of the notice with the clerk.

(c)(1)(B)  If the defendant provides notice[,] . . . the court may, upon the government's motion, order the defendant to be examined under procedures ordered by the court.

(c)(2)  The results and reports of any examination conducted . . . under Rule 12.2(c)(1) . . . must be sealed and must not be

1

>disclosed to any attorney for the government or the defendant unless the defendant is found guilty of one or more capital crimes and the defendant confirms an intent to offer during sentencing proceedings expert evidence on [his] mental condition.
>
>(c)(3)   After disclosure . . . of the results and reports of the government's examination, the defendant must disclose to the government the results and reports of any examination on [his] mental condition conducted by the defendant's expert[.]

Because Rule 12.2(c)(2) prohibits attorneys on the prosecution team from seeing the results and reports of the Government's examination of the defendant before the defendant is convicted of a capital crime, *See United States v. Johnson*, 383 F.Supp.2d 1145, 1166 (N.D. Iowa 2005), O'Reilly says the Court should consult with defense counsel (without assistance from the Government) and appoint Assistant United States Attorneys ("AUSAs") from the Western District of Michigan, the Northern District of Ohio, or the Western District of Pennsylvania to serve as firewall attorneys who would be responsible for managing the Government's mental health experts.

According to the Government, appointing AUSAs from an outside district is inconvenient to the Court and the prosecution team, and creates are unnecessary hardship on both the fire-walled attorneys and the prosecution team.  The Government says fire-walled attorneys in this district have been successful in preventing leaks to the prosecution team, and the need to prevent premature disclosure of mental health information can be effectively and efficiently met by appointing AUSA Kathryn McCarthy from the Eastern District of Michigan as the fire-walled attorney.  The Government says there is no reason to believe the firewall will breakdown in this case; it successfully used a fire-walled AUSA to arrange the surreptitious taping of a conversation between

O'Reilly and a government informant.

In *United States v. Johnson*, 362 F.Supp.2d 1043 (N.D. Iowa 2005), the court noted that there were two "taint teams" in the Northern District of Iowa working efficiently and effectively on the case, and there was no reason to believe the firewall would breakdown. *Johnson*, 362 F.Supp.2d at 1084. In addition, the court recognized that the risk of contamination was much higher if more United States Attorney's Offices were involved. *Id.* Nonetheless, the Government conceded that attorneys from the United States Attorney's Office for the Western District of Missouri were acceptable as firewall counsel. *Id.*

While the court was not convinced that an outside firewall attorney was necessary, the court erred on the side of caution and appointed an outside attorney to protect the Government's interests in the mental examinations of the defendant. *Id.*

In *United States v. Sampson*, 335 F.Supp.2d 166 (D. Mass. 2004), the parties agreed that two AUSAs from New Jersey should be appointed firewall counsel. *Sampson*, 335 F.Supp.2d at 243-44. The court noted that while it is, in theory, possible for a fire-walled attorney to work in the same office as the prosecution team, the Government wisely chose to use fire-walled attorneys from a different district to minimize the possibility of an inadvertent breach of the firewall. *Id.* at 245 n.46; *see also United States v. Wilson*, 493 F.Supp.2d 348 (E.D.N.Y. 2006):

> Consistent with the dicta in [*Johnson* and *Sampson*], I find no compelling reason to not take the more cautious route and appoint a firewalled attorney from outside the EDNY. This is especially true given our geographic proximity to several other districts, including the Southern District of New York's U.S. Attorney's Office, located less than two miles away in lower Manhattan, and the District of New Jersey's office. As I have every intention of allowing the Government to find an attorney that is

3

> sufficiently experienced in death penalty litigation and who has the time and resources to take on this job, appointing an attorney outside of this district in no way prejudices the Government. Doing so, on the other hand, protects the Defendant's rights as vigorously as possible. . . . The Government is directed to submit to the court within two weeks the name and address of a proposed firewalled attorney from another district.

*Id.* at 358; *Barrett v. United States*, 2009 WL 2982670 at *6 (E.D. Okla. Sept. 11, 2009) (the defendant's Psychological Evaluation/Risk Assessment report was provided to a fire-walled AUSA in the Northern District of Oklahoma).

Since Rule 12.2 was amended on December 1, 2002 to address procedures in capital cases where a defendant's mental health may be an issue at sentencing, *See Sampson*, 335 F.Supp.2d at 241, the Court only found one case in which a firewall attorney was appointed from the same district as the prosecution team. *See United States v. Umana*, 2009 WL 2489309 at *4 (W.D.N.C. Aug. 12, 2009) (granting the Government's motion to appoint an AUSA from the Western District of North Carolina).

The Court does not doubt that AUSAs in the Eastern District of Michigan have the ability to successfully serve as firewall attorneys. However, the Court will take the more cautious approach and appoint AUSAs from an outside district to serve as firewall attorneys. *See Johnson*, 362 F.Supp.2d at 1084; *Sampson*, 335 F.Supp.2d at 245 n.46; *Wilson*, 493 F.Supp.2d at 358.

Importantly, O'Reilly's right to have the results and reports from his examination by the Government's expert concealed from the prosecution team outweighs any inconvenience and hardship that might be caused by the use of outside firewall attorneys.

**III.     CONCLUSION**

The Court **GRANTS** O'Reilly's motion.

However, the Court declines O'Reilly's request to appoint outside AUSAs without the Government's assistance. In addition, the Court does not believe it is necessary to appoint more than one AUSA at this juncture.

The Government must find one AUSA from outside this district who is sufficiently experienced in death penalty litigation and who has the time and resources to devote to the job. It must submit the AUSA's name, address, and telephone number to the Court and defense counsel by **November 10, 2009**. If defense counsel has objections, it must file them with the Court by **November 17, 2009**.

Further, defense counsel must provide notice of its intent to introduce expert evidence relating to O'Reilly's mental disease or defect bearing on the issue of punishment on or before **March 8, 2010**, the date on which O'Reilly's pre-trial motions are due and approximately three months before O'Reilly's trial date. *See* Fed. R. Crim. P. 12.2(b) (notice must be provided within the time provided for filing a pretrial motion); *see also* Government's Response p.7 n.2 ("the court should order that the notice occur at least *three months* before trial.") (Emphasis in original).

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 27, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 27, 2009.

s/Carol A. Pinegar
Deputy Clerk