**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

          Plaintiff(s),        **CASE NUMBER: 05-80025
HONORABLE VICTORIA A. ROBERTS**

v.

**D-1 TIMOTHY DENNIS O'REILLY,**

          Defendant(s).
_____/

**ORDER DENYING THE GOVERNMENT'S
MOTION TO STRIKE DEFENDANT'S RULE 12.2 NOTICE
AND EXCLUDE EXPERT MENTAL HEALTH TESTIMONY
DURING THE PENALTY PHASE**

**I.    INTRODUCTION**

On March 8, 2010, Timothy O'Reilly filed a 12.2 Notice: "The defendant will call experts who performed neurological examinations (EEG) of the defendant when he was approximately 8 and 9 years old. They did no clinical interviews."

Before the Court is the Government's "Motion to Strike Defendant's Rule 12.2 Notice and Exclude Expert Mental Health Testimony During Penalty Phase or, in the Alternative, to Compel Compliance with Rule 16(b)(1)(C)(ii)." (Doc. #479). The Government asks the Court to strike O'Reilly's 12.2 Notice, and exclude the testimony of O'Reilly's mental health experts for failure to comply with Fed. R. Crim. P. 16(b)(1)(C)(ii).

In the alternative, the Government asks the Court to require O'Reilly's compliance with Rule 16(b)(1)(C)(ii) immediately.

1

## II. APPLICABLE LAW AND ANALYSIS

The Government is correct that Fed. R. Crim. P. 16(b)(1)(C)(ii) generally requires a defendant to produce a written summary of expert testimony at the Government's request:

> The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if[] the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.
>
> This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

However, Fed. R. Crim. P. 12.2(c) limits the timing of Rule 16(b) disclosures in death penalty cases.

Rule 12.2(c) contemplates O'Reilly's disclosure of expert mental health testimony that will only be used at the penalty phase. Rule 12.2(c) forbids the disclosure of the results and reports of O'Reilly's mental health experts, unless the jury reaches a verdict of guilty on a capital charge in the guilt phase of the trial, O'Reilly confirms his intent to offer expert mental health testimony at the penalty phase, and O'Reilly does not withdraw his confirmation after he receives the Government's rebuttal expert reports. *See also United States v. Wilson*, 493 F.Supp.2d 348, 357 (E.D.N.Y. 2006):

> I am cognizant of the Government's interest in obtaining [the Rule 16(b) disclosures] . . . as soon as possible so that it can adequately prepare its rebuttal case. I am also cognizant, however, of the Defendant's legitimate interest in not turning any mental health discovery over to the prosecution until he has been found guilty and has confirmed his intent to introduce such evidence at the penalty phase.

Even if the Government does not request an examination of O'Reilly, Rule 12.2 still does not require O'Reilly to produce his mental health discovery until after the guilt

phase.

The *Wilson* court ordered the defendant to make Rule 16(b) disclosures to *firewall counsel* three weeks before the guilt phase began. *See id.*

Because there is no firewall counsel in this case, O'Reilly's Rule 16(b) disclosures must go directly to the prosecuting attorneys.

At this juncture, the Court finds that requiring O'Reilly to provide the Government a written summary of his mental health expert's testimony, as required by Rule 16(b), would make the protections afforded by Rule 12.2(c) meaningless.

The Government may request Rule 16(b) disclosures after the guilt phase, if O'Reilly is convicted on a capital charge, confirms his intent to introduce expert mental health testimony at the penalty phase, and does not withdraw his confirmation 48 hours after he receives the Government's rebuttal expert reports (if the Government conducts an examination of O'Reilly).

## III. CONCLUSION

The Government's motion is **DENIED**. The Court declines to strike O'Reilly's 12.2 Notice, and declines to require O'Reilly to comply with Rule 16(b) immediately.

However, on February 19, 2010, the Court ordered O'Reilly to include in his 12.2 Notice the kinds of mental health expert(s) he will call. *See* Doc. #444. By **May 13, 2010**, O'Reilly must amend his 12.2 Notice to include the kind of experts who performed the neurological examinations of O'Reilly.

**IT IS ORDERED.**

                                          /s/ Victoria A. Roberts
                                          Victoria A. Roberts
                                          United States District Judge

Dated:  May 10, 2010

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 10, 2010.

s/Linda Vertriest
Deputy Clerk

---