**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

                **Plaintiff(s),**        **CASE NUMBER: 05-80025**
                                        **HONORABLE VICTORIA A. ROBERTS**

**v.**

**D-1 TIMOTHY DENNIS O'REILLY,**
**D-2 NORMAN DUNCAN,**
**D-3 KEVIN WATSON,**


                **Defendant(s).**
_____/

**ORDER**

**I.    INTRODUCTION**

On October 19, 2007, the Court asked the parties to brief the weighing standard the jury is to use during the penalty phase.

For the following reasons, the Court finds that neither the Constitution nor the Federal Death Penalty Act ("FDPA") requires the jury, during the weighing process, to find that aggravating factors must sufficiently outweigh mitigating factors beyond a reasonable doubt, in order to return the death penalty.

**II.    APPLICABLE LAW AND ANALYSIS**

Under 18 U.S.C. §3593(e) of the FDPA, the jury "shall consider whether . . . the aggravating factor or factors found to exist sufficiently outweigh . . . the mitigating factor or factors found to exist to justify a sentence of death[.]"

The Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) held: "Other

than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. *Ring v. Arizona*, 536 U.S. 584 (2002) extended the *Apprendi* rule to capital cases: "Capital defendants, no less than noncapital defendants[] . . . are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment." *Ring*, 536 U.S. at 589. *Cunningham v. California*, 549 U.S. 270 (2007) offered clarification: "[T]he relevant 'statutory maximum[]'. . . 'is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.'" *Cunningham*, 549 U.S. at 275 (quoting *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004)) (emphasis in original).

Defendants' maximum exposure is determined once the Government proves at least one preliminary threshold "intent" factor and one statutory aggravating factor; these facts must be proven beyond a reasonable doubt. The weighing process the jury must engage in is not a "fact" that affects exposure. *See United States v. Sampson*, 486 F.3d 13, 32 (1st Cir. 2007) ("As other courts have recognized, the requisite weighing constitutes a process, not a fact to be found") (citing *United States v. Purkey*, 428 F.3d 738, 750 (8th Cir. 2005); *Ford v. Strickland*, 696 F.2d 804, 818 (11th Cir. 1983); *Gray v. Lucas*, 685 F.2d 139, 140 (5th Cir. 1982)); *United States v. Diaz*, 2007 WL 656831, at *4 (N.D. Cal. Feb. 28, 2007) ("the weighing of aggravating and mitigating factors is not [a] 'fact' that must be found by a jury beyond a reasonable doubt"); *United States v. Gooch*, 2006 WL 3780781, at *8 (D.D.C. Dec. 20, 2006) ("the jury's weighing of aggravating and mitigating circumstances . . . does not constitute a factual finding

that elevates the penalty beyond the statutory maximum sentence and, thus, is not subject to the reasonable doubt standard") (citing *Apprendi*, 530 U.S. at 490). Although the jury cannot impose a death sentence until it engages in this weighing process, the process itself is not a fact that increases Defendants' statutory maximum sentence.

While the FDPA requires the Government to prove at least one preliminary threshold "intent" factor and one statutory aggravating factor beyond a reasonable doubt, *See* 18 U.S.C. §§ 3591(a)(2) and 3593(c), there is no statutorily imposed standard for the weighing process. *See* 18 U.S.C. §3593(e); *see also Sampson*, 486 F.3d at 31 ("[b]ecause the inclusion of a term in one part of a statute is persuasive evidence that its omission elsewhere is deliberate, . . . Congress did not intend the reasonable doubt standard to apply to the weighing process") (internal citation omitted).

Nor is a "beyond a reasonable doubt" standard constitutionally required. *See United States v. Mitchell*, 502 F.3d 931, 993-94 (9th Cir. 2007) (stating the defendant does not suggest why a beyond a reasonable doubt standard must be superimposed on the weighing process in order to comport with due process or to comply with the Sixth Amendment); *Sampson*, 486 F.3d at 31 (holding the "sufficiently outweigh" jury instruction did not violate the Eighth Amendment. And, rejecting the defendant's argument that failing to instruct the jury that it must find beyond a reasonable doubt that the aggravating factors outweigh the mitigating factors violated the Fifth and Sixth Amendments); *United States v. Fields*, 483 F.3d 313, 346 (5th Cir. 2007) ("we hold that the Sixth Amendment does not require a jury to be instructed that it must find that the aggravating factors outweigh the mitigating factors beyond a reasonable doubt.").

An appropriate jury instruction will cure Defendant Timothy O'Reilly's concerns

3

that each juror may interpret the "sufficiently outweigh" language differently, or that the jury may simply add up the aggravating and mitigating factors and impose the death penalty if the aggravators are more numerous.

Other federal district courts have rejected a beyond a reasonable doubt standard as applied to the weighing process. *See e.g., United States v. Caro*, 483 F.Supp.2d 513, 515 (W.D. Va. 2007) ("the FDPA does not require proof beyond a reasonable doubt that the aggravating factors sufficiently outweigh any mitigating factors"); *United States v. Solomon*, 2007 WL 1468794, at *3-4 (W.D. Pa. May 14, 2007) (rejecting Defendants' argument that the FDPA is unconstitutional after *Ring* and *Cunningham* because it does not require the jury to determine that aggravating factors outweigh mitigating factors beyond a reasonable doubt); *United States v. Haynes*, 269 F.Supp.2d 970, 979-80 (W.D. Tenn. 2003) (rejecting the defendants' contention that the balancing of aggravating and mitigating factors must be proven beyond a reasonable doubt).

## III.  CONCLUSION

The jury must only find that the aggravating factor(s) "sufficiently outweigh" the mitigating factor(s) to justify a sentence of death; a beyond a reasonable doubt standard is not required.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  July 7, 2010

4

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 7, 2010.

s/Linda Vertriest
Deputy Clerk